IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WISLINE MEDIRECT-FELIX,

    Plaintiff,

v.                                                      No. 1:23-cv-01138-STA-jay

AMAZON KINDLE DIRECT
PUBLISHING,

    Defendant.

---

## REPORT AND RECOMMENDATION

---

Defendant Amazon.com Services LLC ("Amazon") moves to dismiss this action for insufficient service of process and lack of personal jurisdiction pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. ECF No. 12. Amazon moves in the alternative for an order compelling arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, and dismissal. Plaintiff Wisline Medirect-Felix has not responded to Amazon's motion. This matter was referred to the undersigned for management of all pre-trial matters. Admin. Order 2013-05. The undersigned RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for the reasons that follow.

### I. BACKGROUND

Plaintiff Wisline Medirect-Felix brought this action against Amazon Kindle Direct Publishing alleging breach of contract, intellectual property violations, and copyright infringement violations arising from her self-publishing of two books on Amazon's Kindle platform. *See generally* Compl., ECF No. 1 and 1-1. Summons for Amazon Kindle Direct Publishing was

issued on July 19, 2023. ECF No. 7. The Court's docket is devoid of Plaintiff filing proof of service indicating when, or if, Amazon was served with a copy of the Complaint along with the summons issued on July 19, 2023.

## II. ANALYSIS

In order to effectuate service on a corporate entity such as Amazon, Federal Rule of Civil Procedure 4(h) requires a plaintiff to either serve the corporation as it would serve an individual under 4(e)(1) or to deliver a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" within 90 days after the complaint is filed. Fed. R. Civ. P. 4(h)(1)(B), (m). Rule 4(e)(1) states that an individual may be served by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1). Tennessee state law provides that a corporation shall be served by:

> delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation.

Tenn. R. Civ. P. 4.04(4). Tennessee law also allows for service by mail, in which case, the plaintiff must send a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt to an officer or managing agent or an agent authorized by the defendant to receive service on behalf of the corporation. Tenn. R. Civ. P. 4.04(10).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal is mandatory unless the plaintiff shows good cause for the failure to serve; if she does, then the Court must extend the time for service. *Id.* "Establishing good

cause is the responsibility of the [plaintiff] and necessitates a demonstration of why service was not made within the time constraints." *Garner v. City of Memphis*, 576 F. App'x 460, 463 (6th Cir. 2014) (quoting *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). "Inadvertent failure or half-hearted efforts to serve" do not satisfy the good-cause standard. *Id.* (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991)).

When a defendant files a motion to dismiss under Rule 12(b)(5), the plaintiff "bears the burden of executing due diligence in perfecting service of process and showing that proper service was made." *Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (citing *Mullins v. Kalns*, No. 99-4301, 2000 WL 1679511, at *3 (6th Cir. Nov. 3, 2000)). "'Courts may look to 'record evidence' and 'uncontroverted affidavits' in determining whether plaintiffs have met this burden.'" *Id.* (quoting *Chapman v. Lawson*, 89 F. Supp. 3d 959, 971 (S.D. Ohio 2015). "Because the pleadings themselves will typically shed no light on service issues, motions to dismiss [under Rule 12(b)(5)] need not be treated as motions for summary judgment even if they are supported by affidavits or other evidence outside the pleadings." *Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd*, 917 F.3d 471 (6th Cir. 2019).

In this case, Plaintiff has not provided proof of service as is required by Rule 4(l) of the Federal Rules of Civil Procedure. Nor has Plaintiff responded to Amazon's motion to dismiss to offer cause as to why service has not been effectuated or to request additional time to serve the defendant in this matter. Amazon, on the other hand, has provided the Declaration of Rebecca Hartley, a paralegal in Amazon's Litigation and Regulatory group, in which she declares that the first notice Amazon received of this lawsuit was when the law firm of Davis Wright Tremaine LLP forwarded a copy of the Complaint and summons it received from Plaintiff. *See* Hartley Decl., ¶ 11, ECF No., 12-2, PageID 53. There is no evidence to indicate that Davis Wright Tremaine LLP

was "an officer, a managing or general agent, or any other agent authorized by appointment or by law" to accept service of process on behalf of Amazon. *See* Fed. R. Civ. P. 4(e)(1), Tenn. R. Civ. P. 4.04(4). Hartley further declares that Amazon has not received any mailings from Plaintiff in this case, it has not agreed to waive service of process, and it has not been served by any other means. Hartley Decl. at ¶¶ 12-13.

As it appears that Plaintiff has failed to effectuate service of process upon Amazon, the remaining question is whether Plaintiff should be given additional time to serve Amazon or that this matter be dismissed without prejudice. Plaintiff has not requested additional time to serve Amazon, nor did she respond to Amazon's motion to dismiss. "Dismissal of the action 'shall' follow unless the 'plaintiff shows good cause' for failure to meet the [90]–day deadline." *Nafziger*, 467 F.3d at 521 (quoting Fed. R. Civ. P. 4(m)). As Plaintiff has filed to demonstrate good cause for failing to serve Amazon within 90 days as required by the Federal Rules of Civil Procedure, the undersigned RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

### III. CONCLUSION

Because Plaintiff has failed to effectuate service of process on Defendant Amazon and further failed to show good cause why she should be granted additional time to serve Defendant, the undersigned RECOMMENDS GRANTING Defendant's Motion to Dismiss and dismissing this action without prejudice.

Respectfully submitted this 29th day of November, 2023.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**IF DESIRED, AN APPEAL OF THIS ORDER TO THE PRESIDING DISTRICT COURT JUDGE MUST BE FILED WITHIN FOURTEEN (14) DAYS OF THE SERVICE OF A COPY OF THIS ORDER.** *SEE* **28 U.S.C. § 636(b)(1)(C); LOCAL RULE 72(g)(2). FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**