UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WISLINE MEDRICT-FELIX,

    Plaintiff,

vs.                                                  No. 23-1138-STA-jay

AMAZON KINDLE DIRECT
PUBLISHING,

    Defendant.

---

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL
ORDER OF DISMISSAL WITHOUT PREJUDICE
AND
ORDER CERTIFYING APPEAL NOT TAKE IN GOOD FAITH

---

    Before the Court is the United States Magistrate Judge's report and recommendation that Defendant's motion to dismiss (ECF No. 12) be granted and the action be dismissed without prejudice for insufficiency of process and lack of personal jurisdiction pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure. (ECF No. 19.) Plaintiff has filed objections to the Magistrate Judge's Report, (ECF No. 21), and Defendant has responded to those objections. (ECF No. 23.) Having reviewed the Magistrate Judge's report and recommendation *de novo* and the entire record of the proceedings, the Court hereby **ADOPTS** the report and recommendation in its entirety. Defendant's motion to dismiss is **GRANTED**. The complaint is hereby **DISMISSED** without prejudice, and judgment will be entered for Defendant.

    If a party objects within the allotted time to a report and recommendation on a dispositive motion, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b) (1); *see also* Fed. R. Civ. P. 72(b).  Parties must file specific objections; "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).  "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).  Because Plaintiff has made only "vague, general, or conclusory objections" and has not addressed the issue of whether she properly served Defendant, her objections are waived.

      The Court finds that the Magistrate Judge's analysis of Defendant's motion to dismiss is grounded in the law and the facts as presented in the record. As noted by the Magistrate Judge, Plaintiff has not filed proof of service indicating when, or if, Defendant was served with a copy of the complaint and the summons issued on July 19, 2023, nor, when confronted with Defendant's Rule 12(b)(5) motion to dismiss, did she meet her "burden of executing due diligence in perfecting service of process and showing that proper service was made." (Rep. & Rec. p. 3 (citing *Spencer v. Caracal Int'l*, LLC, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021) (citing *Mullins v. Kalns*, 2000 WL 1679511, at *3 (6th Cir. Nov. 3, 2000))). In fact, she did not respond to the motion to dismiss.

      In support of its motion to dismiss, Defendant provided the Declaration of Rebecca Hartley, a paralegal in Defendant' Litigation and Regulatory group, in which she declared that the first notice Defendant received of the lawsuit was when the law firm of Davis Wright Tremaine LLP forwarded a copy of the complaint and summons it received from Plaintiff.  Davis Wright Tremaine LLP was not "an officer, a managing or general agent, or any other agent authorized by appointment or by law" to accept service of process on behalf of Defendant as

2

required by Fed. R. Civ. P. 4(e)(1) and Tenn. R. Civ. P. 4.04(4). Hartley further declared that Defendant had not received any mailings from Plaintiff in this case, it had not agreed to waive service of process, and it had not been served by any other means. Based on these facts, the Magistrate Judge determined that Plaintiff had failed to effectuate service of process on Defendant in the requisite time. Neither had she shown good cause for her failure to do so and had not requested additional time in which to effectuate service.

Because the Magistrate Judge correctly determined that Defendant's motion to dismiss should be granted, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED**. Accordingly, Defendant's motion to dismiss (ECF No. 12) is **GRANTED**, and this matter is **DISMISSED** without prejudice. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his or her motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court

3

to determine that Defendant is entitled to dismissal but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to grant Defendant's motion to dismiss also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[1]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  January 3, 2024

---

[1] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents intended for filing in the Sixth Circuit.